UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KAILA K. DIETZ,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-3

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) THIS CASE BE CLOSED ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 14), Plaintiff's reply (doc. 15), the administrative record (doc. 6), and the record as a whole.[2]

**I.**

**A.**     **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of September 28, 2014. PageID 193-94. Plaintiff meets the insured status requirements of the Social Security Act ("SSA") through December 31, 2019. PageID 47. Plaintiff claims disability as a result of a number of impairments

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

including, *inter alia*, benign hypermobility syndrome (*i.e.*, Type III Ehlers-Danlos Syndrome).[3] PageID 47.

After an initial denial of her application, Plaintiff received a hearing before ALJ Elizabeth A. Motta on September 7, 2016. PageID 69-97. The ALJ issued a written decision on January 4, 2017 finding Plaintiff not disabled. PageID 45-63. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[4] "there are jobs in that exist in significant numbers in the national economy that [she] can perform[.]" PageID 52-62.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 28-30. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.    Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 48-63), Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 14), and Plaintiff's reply (doc. 15). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[3] Ehlers-Danlos Syndrome Type III is "a hereditary disease characterized by loose connective tissue and frequent joint dislocations and subluxations." *Guest-Marcotte v. Life Ins. Co. of N. Am.*, 730 F. App'x 292, 293 (6th Cir. 2018)

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

2

**II.**

**A.     Standard of Review**

The Court's inquiry on a Social Security disability appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.,* 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity;

2. Does the claimant suffer from one or more severe impairments;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

On appeal, Plaintiff argues that the ALJ erred in: (1) improperly weighing the opinion of treating physician Joseph Leithold, M.D.; (2) improperly weighing the opinion of treating counselor Kathleen Judy, M.S., L.P.C.C.; (3) failing to weigh the opinion of Roberta Aikens, a disability reviewer; and (4) wrongly analyzing her allegations of disabling pain. PageID 686. The undersigned finds reversible error in the ALJ's assessment of opinions offered by Dr. Leithold,

treating counselor Judy, and examining physician Rosemary Greenslade, M.D. As a result, the undersigned does not address the merits of Plaintiff's remaining alleged errors.

Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinions is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

The record in this case contains "acceptable medical source" opinions[5] from treater Leithold and examining physician Greenslade.[6] Dr. Greenslade examined Plaintiff on June 25, 2015 and, based upon that single examination and a review of certain medical records, concluded that Plaintiff could "lift, push and carry 20 pounds rarely and 10 pounds occasionally and less than 10 pounds frequently"; "stand and walk for 6 hours in an [8] hour day"; and "sit for 6 hours in an [8] hour day." PageID 395. The ALJ gave Dr. Greenslade's opinion significant weight for one reason: she performed "a detailed exam[.]" PageID 61. The ALJ offers no other justification for according Dr. Greenslade's opinion significant weight. *Id*.

Dr. Leithold, who treated and examined Plaintiff numerous times throughout the relevant time period, offered an opinion on November 18, 2015 that Plaintiff cannot stand for more than 30 minutes without extreme pain; sit for more than 20 minutes without standing; and stand for more than 10 minutes without pain. PageID 433-34. The ALJ gave Dr. Leithold's November 2015 opinion little weight because he "relied heavily on the reports of [Plaintiff's] mother . . . rather than on the physical examinations noted in his treatment records." PageID 60.

Months later, on August 2, 2016, Dr. Leithold offered another opinion. PageID 548. On that date, Dr. Leithold opined that Plaintiff could stand for 15 minutes at a time; sit for 15 minutes at a time; lift 5 pounds occasionally and no weight frequently; never bend, stoop, manipulate with her right hand, or reach overhead with her right arm; occasionally balance, manipulate with her

---

[5] Under the regulations in effect prior to March 27, 2017, disability is determined by considering, among other evidence, the opinions of "acceptable medical sources." 20 C.F.R. §§ 404.1512, 1513. "Acceptable medical sources" include licensed physicians and psychologists. 20 C.F.R. §§ 404.1513(a). "Other medical sources" such as "nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists" are not "acceptable medical sources," 20 C.F.R. § 1513(d)(1), although their opinions must be considered by the ALJ. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011); *see also* Soc. Sec. Ruling ("SSR") 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006).

[6] The record also contains the RFC opinion of disability reviewer Roberta Aikens, who is a single decision maker ("SDM"). There is no evidence of record showing that Ms. Aikens has any medical credentials whatsoever and, therefore, the undersigned does not consider her opinion to be from an "acceptable medical source." PageID 108-10.

left hand, and raise her left arm above her shoulder; and would need to frequently elevate her legs during an 8-hour workday. PageID 548-49.

Significantly, Dr. Leithold also concluded in his August 2016 opinion that Plaintiff has significant problems with anxiety and/or depression that would markedly limit[7] her ability to withstand the stresses and pressures of ordinary work activity. PageID 549. The ALJ wholly failed to address this conclusion when weighing Dr. Leithold's opinion and, therefore, set forth no reasoning as to why such opinion was not entitled to controlling or deferential weight. PageID 549.

Such failure is error, *cf. Workman v. Comm'r of Soc. Sec.*, No. 3:17-CV-327, 2018 WL 4870718, at *4 (S.D. Ohio Oct. 9, 2018), *report and recommendation adopted*, No. 3:17-CV-327, 2018 WL 5307093 (S.D. Ohio Oct. 24, 2018), and such error is not harmless in light of the fact that Dr. Leithold's opinion appears consistent with and supported by the opinion of Plaintiff's treating counselor Judy[8] who opined, on August 2, 2016, that Plaintiff suffered "marked" limitation in restrictions of daily living, maintaining social functioning, interacting with the general public, and asking simple questions or requesting assistance. PageID 546. Counselor Judy also concluded that Plaintiff possessed "extreme" limitations in her ability to maintain concentration, persistence, and pace; as well as in her ability to complete a normal workday and work week. *Id.*

---

[7] "Moderate" functional limitations are "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), whereas "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C), et seq.

[8] In addition to the "medical source opinions" referenced above, opinions from "other sources" such as mental health counselors can be used to establish the severity of a claimant's impairment and establish how impairments affect a claimant's ability to work. 20 C.F.R. § 404.1513(d). Although opinions from "other medical sources" who have treated a claimant are not entitled to controlling weight like those of a treating physician or psychologist, "other source" opinions may be entitled to *more* weight than "acceptable medical sources" under the unique circumstances of a given case. SSR 06-03p, 2006 WL 2329939, at *5 (Aug. 9, 2006) (emphasis added). In fact, the opinions of "other sources" may even be given more weight than a *treating* physician if the "other sources" have seen the claimant more frequently than the "acceptable sources" and have provided better explanations for their opinions. *Id.*

Finally, counselor Judy opined that Plaintiff would experience "extreme" limitations in her ability to avoid episodes of deterioration or decompensation and a need to leave work. *Id*. Overall, counselor Judy concluded that, as a result of her mental impairments, Plaintiff would be absent from work more than three times per month. *Id*. The vocational expert ("VE") in this case testified that an individual who missed more than two days of work per month "wouldn't be able to sustain full-time competitive work." PageID 95.

Significantly, the ALJ cites no RFC assessment from any medical source that contradicts the mental health assessments from Dr. Leithold or counselor Judy[9] and, instead, appears to have relied on her own assessment of the clinical findings to reject counselor Judy's opinion. *See Hale v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 785, 793 (S.D. Ohio 2017) ("the ALJ may not interpret raw medical data in functional terms"); *see also Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014) ("ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves").

Based on the foregoing, the undersigned finds that the Commissioner's non-disability finding is unsupported by substantial evidence and should be reversed. There being no opinion of record contradicting Plaintiff's disabling mental limitations as opined by treater Leithold and treating counselor Judy, the undersigned concludes that evidence of disability is overwhelming and a remand for an immediate award of benefits should occur. *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985) ("In cases where there is an adequate record, the Secretary's decision denying

---

[9] The record also contains a July 2, 2015 opinion from record reviewer Mark Suyeishi, Psy.D. PageID 107. Dr. Suyeishi opined that, "[a]t this time, [Plaintiff's] mental health impairments do not severely affect her daily functional abilities." *Id*. Dr. Suyeishi's conclusion was based upon review of a largely incomplete record, especially since Plaintiff did not begin treating with counselor Judy until December 29, 2015. *See* PageID 590. The record also contains a report from Amy Rouse, Psy.D., who evaluated Plaintiff in August 2016, but offered no opinion regarding Plaintiff's functional capacity. *See* PageID 585-98.

8

benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking").

The undersigned also finds error in the ALJ's weighing of Dr. Leithold's opinions regarding Plaintiff's physical limitations. In giving such opinions little weight, the ALJ not only found fault in the fact that Dr. Leithold relied on details from Plaintiff's mother in offering the November 2015 opinion, but also concluded that his opinions were inconsistent with "[h]is examinations [which] consistently showed a normal gait, normal joint color and temperature, normal sensation and strength, and normal coordination." PageID 60.

With regard to the fact that Plaintiff's mother provided Dr. Leithold with details of Plaintiff's disability, the undersigned finds that such reason is not a "good reason." First, while Dr. Leithold stated that his November 2015 opinion included details given by Plaintiff's mother, his subsequent opinion -- given months later in August 2016 -- contains no similar statement. *See* PageID 548-49. Second, and more importantly, Dr. Leithold, in both written opinions, referenced specific clinical signs to support his conclusions -- namely, Plaintiff's hyperelastic skin; hyperextensibility of the joints; multiple joint instability; subluxing of the ankles, knees, thumbs, fingers, and shoulder; and dislocation of her ribs (*see* PageID 433-35, 548) -- all of which are supported by examination findings throughout the record. *See* 287, 290, 497, 502. The ALJ failed to explain how such findings failed to support Dr. Leithold's opinion.

Instead, the ALJ focused on Dr. Leithold's examination findings that "showed a normal gait, normal joint color and temperature, normal sensation and strength, and normal coordination[.]" PageID 60. In doing so, the ALJ offers no explanation as to why these examination findings bear relevance to Dr. Leithold's opinion when Dr. Leithold specifically referenced other supported findings in his written opinion. In the absence of some meaningful

9

explanation in this regard, the undersigned finds the ALJ's conclusion to be unsupported by substantial evidence.

In addition to the foregoing, the undersigned notes two other concerns with regard to the ALJ's reliance on selected clinical findings to the exclusion of those referenced by Dr. Leithold. First, ALJs are not permitted to pick-and-choose only that evidence that appears supportive of their conclusion. *Daniel v. Comm'r of Soc. Sec.*, No. 3:14–cv–51, 2015 WL 4550406, at *4 (S.D. Ohio Mar. 6, 2015) (An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position"). Second, ALJs are prohibited from making medical conclusions regarding the significance of some clinical findings and the insignificance of others. *Moon*, 763 F.3d at 722 ("ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves").

The undersigned also finds that the ALJ inappropriately applied greater scrutiny to Dr. Leithold's opinion than she did the opinion of one-time examiner Dr. Greenslade -- by discounting Dr. Leithold's opinion on the basis that he did not treat Plaintiff for the short period of time when Plaintiff lived in Colorado (for less than a year ending on or about August 2015). PageID 57, 60. In so reasoning, the ALJ fails to acknowledge that Dr. Greeneslade, whose opinion she gives "significant weight," reviewed less than the entire record when offering her opinion in June 2015. PageID 388. ALJs are prohibited from applying greater scrutiny to the opinions of treating physicians than non-treaters. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir. 2013).

Finally, the undersigned finds that the ALJ failed to provide a "good reason" for weighing Dr. Greenslade's opinion more favorably than the opinion of Dr. Leithold. As noted above, the ALJ gave "significant weight" to Dr. Greenslade's opinion on the basis that it was purportedly given following "a detailed exam." PageID 61. Dr. Leithold, as Plaintiff's treating physician, examined Plaintiff more than once, and there is no suggestion that his multiple examinations of

Plaintiff were any less detailed than the one examination performed by Dr. Greenslade. Again, "[a] more rigorous scrutiny of the treating-source opinion is prohibited." *See Gayheart*, 710 F.3d at 379.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). As set forth, *supra*, the undersigned finds an immediate award of benefits proper in this case.

## V.

It is therefore **RECOMMENDED** that: (1) the ALJ's non-disability finding be found unsupported by substantial evidence and **REVERSED**; (2) this matter be **REMANDED** under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits; and (3) this case be **TERMINATED** on the Court's docket.

Date:   April 1, 2019                                             s/ Michael J. Newman
                                                                                Michael J. Newman
                                                                                United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** per Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** per Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).